**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) | Case No. 25-90160 (ARP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| JAMIE EUGENE ORTEGA, | ) | Adv. Proc. No. 26-3002 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUNNOVA ENERGY INTERNATIONAL INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CREDITOR TRUSTEE'S MOTION TO DISMISS ADVERSARY PROCEEDING**
**PURSUANT TO FED. R. CIV. P. 12(b)(1), (5), (6) and (7)**

> This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova.  The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.  "Sunnova" or the "Company" means, collectively, Sunnova Energy International Inc. and its Debtor and non-Debtor subsidiaries and affiliates.

Thomas A. Pitta, as creditor trustee of the Sunnova Creditor Trust ("Creditor Trustee"), for and on behalf of defendant Sunnova Entergy International, Inc. (the "Defendant"), files this Motion to Dismiss the above-captioned adversary complaint (the "Complaint") filed by Jamie Eugene Ortega (the "Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(1), (5), (6) and (7), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7002 and 7012.

## I.  FACTUAL BACKGROUND

The Defendant, through its affiliates, as well as an expansive network of dealers, offered residential customers solar energy services and systems through leases of photovoltaic solar systems ("Systems"), power purchase agreements for the use of Systems, and loan agreements to finance the purchase of Systems.  On August 16, 2023, Plaintiff entered into an Easy Own Plan ™ Equipment Purchase retail installment contract ID ZT006438051 (the "Solar Contract") with the Defendant.  According to the Defendant's records, at some point after the installation of the Systems, the Solar Contract was transferred to one of the Defendant's project entities, Sunnova Helios XIII Issuer LLC[2] ("Helios").

On June 8, 2025, the Defendant and its affiliates (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the goal of effectuating a sale of substantially all of their assets.  During the chapter 11 case, the Debtors liquidated their assets pursuant to section 363 of the Bankruptcy Code. On July 31, 2025, this Court entered an *Order (I) Authorizing the Sale of Certain of the Debtors' Assets to the Stalking Horse Bidder Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related*

---

[2]  Certain data regarding the Solar Contract (pulled from the Defendant's client relationship management portal as of November 5, 2025), including the asset portfolio in which the Solar Contract sits, is attached hereto as **Exhibit A**.

*Relief* (the "WholeCo Sale," and such order, the "Sale Order"). [Docket No. 599].  The Debtors' equity in Helios, the entity that held the Solar Contract, was sold pursuant to the WholeCo Stalking Horse Agreement. *See, Notice of Filing of Schedules to WholeCo Stalking Horse Agreement*, Schedule 3.5(a) [Docket No. 404-1]; *see also* Sale Order.

The Debtors filed a liquidating plan of reorganization and amendments thereto (collectively, the "Plan").  On November 10, 2025, this Court entered an *Order Approving the Debtors' Disclosure Statement and Confirming the Third Amended Joint Chapter 11 Plan of Sunnova Energy International Inc. and its Debtor Affiliates (Further Technical Modifications)* (the "Confirmation Order") [Docket No. 1205], which confirmed the Plan, as amended.  The Plan became effective on November 14, 2025 (the "Effective Date").  As of the Effective Date, the Confirmation Order and Plan provided for the following, among other things:

a. Automatically rejected any executory contract or unexpired lease not previously assumed, assumed and assigned, or rejected, pursuant to sections 365 and 1123 of the Bankruptcy Code.  *See,* Confirmation Order at paragraph 35 (page 18); Plan, Article V (pages 40-41);

b. Established the appointment of the Creditor Trustee, with the exclusive right, authority, legal capacity, and standing to file, prosecute, compromise or litigate all causes of action, as well as to reconcile and object to claims.  *See*, Confirmation Order at paragraph 52 (page 27); Plan, Article X (pages 59-61);

c. Enjoined all persons and entities from asserting claims against the Debtors or Creditor Trustee after the Effective Date.  *See*, Plan, Article VIII, Section E (page 55); and

d.  Provided for the reconciliation, treatment, and payment of general unsecured claims as well as contingent, unliquidated and disputed claims.  *See*, Plan, Articles VI and VII (pages 44-50).

A general claims bar date of August 6, 2025, was set by Court order entered on July 15, 2025 [Docket No. 436].  On November 10, 2025, Plaintiff filed a proof of claim in the Debtors' case, designated as Claim No. 1773 (the "Claim"), seeking $186,515.21 in damages for alleged "Money loaned, PPA Breach/Recission".  The Claim appears to be a general unsecured claim but also asserts a priority claim of $0.00 under 11 U.S.C. §507(a)(10).[3]

On October 16, 2025, Plaintiff filed a *Motion for Sanctions and Rescission of Contract Due to Unlawful Collection Activity, Bad Faith, and Breach of Federal Law* (the "Sanctions Motion") [Docket No. 1037].  The Sanctions Motion asserted claims against the Debtors for violations of the automatic stay, unauthorized post-petition transfers, violations under the Fair Debt Collection Practices Act, Truth in Lending Act, Electronic Fund Transfer Act, Arizona Consumer Fraud Act and Arizona RICO.  *Id.*  The Debtors opposed the Sanctions Motion on various grounds, including the Plaintiff's misapplication of the provisions of the Bankruptcy Code.  On December 8, 2025, this Court entered an Order denying the Sanctions Motion without prejudice. [Docket No. 1295].

On January 5, 2026, the Plaintiff took a second bite at the apple by filing the Complaint. [Adv. Pro. No. 26-3002, Docket No. 1].   The Complaint, like the Sanctions Motion, sought to rescind the Solar Contract, alleged violations under the Truth in Lending Act, Fair Debt Collection Practices Act, Arizona Consumer Fraud Act, among others, and seeks a declaratory judgment from this Court that "no valid and enforceable debt exists".  *See*, Complaint at pgs. 3-4 [Adv. Pro. No. 26-3002, Docket No. 1].  The Complaint fails to name the Creditor Trustee as a defendant, nor

---

[3] Section 507(a)(10) of the Bankruptcy Code grants tenth priority treatment to claims for death or personal injury resulting from the operation of a motor vehicle or vessel while intoxicated and is wholly inapplicable to this case.

was the Creditor Trustee served with a copy of the Complaint.  [Adv. Pro. No. 26-3002, Docket No. 6].

The Complaint is based upon alleged conduct that occurred in 2024, prior to the commencement of the Debtors' chapter 11 case, and in August, September and October 2025, after the Sale Order was entered.

## II. LEGAL ARGUMENT

The Complaint should be dismissed for (i) lack of subject matter jurisdiction, (ii) insufficient service of process, (iii) failure to state a claim upon which relief can be granted, and (iv) failure to join an indispensable party under Rule 19, pursuant to Fed. R. Civ. P. 12(b)(1), (5), (6) and (7), and made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7002 and 7012.

### 1.   Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction

Under Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. Bankruptcy Court jurisdiction is codified in 28 U.S.C. § 1334(b), which allows bankruptcy courts to exercise jurisdiction over civil proceedings that arise under, arise in, or relate to, bankruptcy cases. *In re Smith*, 849 F. App'x 867, 871 (11th Cir. 2021). However, the matter must also be a core bankruptcy proceeding, as that term is defined in 28 U.S.C. § 157(2).   When ruling on a motion to dismiss for lack of subject matter jurisdiction, "[a] court must accept the material factual allegations in the complaint as true but need not draw inferences favorable to the plaintiff." *Penthouse Media Grp. v. Guccione,* 335 B.R. 66, 71–72 (Bankr. S.D.N.Y. 2005). The plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence. *Id.*

In this case, the Plaintiff seeks to rescind the Solar Contract, which was transferred to Helios pre-petition, and the Debtors' equity in Helios was sold upon entry of the Sale Order.  The Debtors no longer hold any right, title or interest in the Solar Contract.  Therefore, any claims to

rescind, enforce, or for a declaratory judgment with respect to the Solar Contract are not claims that arise in or affect this chapter 11 case. *See, In re Maxwell*, No. 10-79479, 2012 WL 3678609, at *3 (Bankr. N.D. Ga. Aug. 22, 2012) ("[O]nce property leaves the estate, a bankruptcy court loses jurisdiction to determine disputes concerning that property, unless the result of the dispute could have some effect on the bankruptcy case") (citing 4 Collier on Bankruptcy ¶ 554.02[3] (15th ed. rev.2003)); *see also In re Tanner*, 442 B.R. 863, 865 (Bankr. W.D. Va. 2010) ("Since the Property does not constitute property of the estate, the Court lacks jurisdiction over the Property."). Accordingly, the Court does not have subject matter jurisdiction, and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## 2. Complaint Should Be Dismissed for Failure to State a Claim Upon Which Relief May Be Granted

A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) when a party fails to state a claim upon which relief may be granted. When resolving a Rule 12(b)(6) motion, courts generally limit themselves to the contents of the pleadings and construe the complaint in favor of the plaintiff, taking all pled facts as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). But "courts must consider ... other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. Such factual allegations must be specific and not mere conclusory allegations, as a court will not accept as true conclusory allegations or unwarranted deductions of fact. *Id.* at 555; *Iqbal*, 556 U.S. at 678. A motion to dismiss under Rule 12(b)(6) should be granted

6

when the allegations in a complaint, if assumed to be true, fail to support a plaintiff's entitlement to relief. *Twombly*, 550 U.S. at 555.

As a preliminary matter, the Plaintiff is precluded from asserting any claims against the Debtors or the Creditor Trustee post-confirmation under the Bankruptcy Code and express terms of the Plan. Section 1141(c) of the Bankruptcy Code provides that, after confirmation, any remaining property dealt with by the plan is free and clear of all claims and interests of creditors. Moreover, the Plan itself explicitly provides for an injunction against all persons and entities from pursuing any causes of action against the Debtors or the Creditor Trustee, with respect to any claims that can be dealt with in the Plan, after the Effective Date. *See*, Plan, Article VII, Section E (page 55).

The Plaintiff's Complaint contains a laundry list of federal and state statutes that purportedly entitle him to relief. He fails to plead sufficient facts to support his entitlement to such claims. Regarding the enforcement or rescission of the terms of the Solar Contract, the issue is moot as to the Defendant since the Solar Contract belongs to the Purchaser (as defined in the Sale Order). The Defendant is not the appropriate party against whom such claims should be directed.

In addition, the causes of action are based entirely on alleged conduct that occurred either pre-petition, or post-sale. The remedy for a party in interest to assert a claim for damages that arose pre-petition is the filing of a proof of claim under Fed. R. Bankr. P. 3001. *See, e.g.*, *In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG), 2022 WL 3965697, at *7 (Bankr. S.D.N.Y. Aug. 31, 2022), *aff'd sub nom. In re Latam Airlines Grp. S.A.*, No. 22-CV-8068 (ER), 2023 WL 4741335 (S.D.N.Y. July 25, 2023) (citing *Evergreen Solar, Inc. v. Barclays PLC (In re Lehman Bros. Holdings, Inc.)*, No. 08-13555, 2011 WL 722582, at *7-8 (Bankr. S.D.N.Y. Feb.

22, 2011) (dismissing breach of contract claim for failure to state a claim under Rule 12(b)(6), where the Court found the claim improper to proceed as an adversary proceeding); *Mondragon v. Circuit City Stores, Inc. (In re Circuit City Stores, Inc.)*, No. 08-3563, 2010 WL 120014, at *4-5 (Bankr. E.D. Va. Jan. 7, 2010) (dismissing adversary proceeding pursuant to Rule 12(b)(6) in favor of claims process)). This framework allows for the orderly administration of claims. Allowing otherwise would invite a plethora of adversary proceedings in every bankruptcy case that would overrun the courts, obviate the claims process, nullify the benefits of the automatic stay, and cause excessive administrative costs to the estate to the detriment of all creditors.

Indeed, by filing his Claim, the Plaintiff has availed himself of the claims reconciliation process governed by Fed. R. Bankr. P. 3001, *et seq.* The appropriate remedy to determine the extent and validity of the Plaintiff's claim is to allow the filed Claim to be reviewed and reconciled by the Creditor Trustee in the ordinary claims review process, consistent with the provisions of the Plan and Confirmation Order. The Plaintiff should not be permitted to use the adversary proceeding process to circumvent the claims reconciliation process proscribed by Fed. R. Bankr. P. 3001 and the Plan.

The Plaintiff fails to state a valid claim upon which relief can be granted. Accordingly, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### 3. Complaint Should Be Dismissed for Insufficient Service of Process and Failure to Name an Indispensable Party

Pursuant to the Confirmation Order and Plan, the Creditor Trustee is the only party at present who is authorized to act on behalf of the Debtors and is invested with all the authority and privileges of a trustee in bankruptcy, including the capacity to sue and be sued on behalf of the estate. *See*, Plan, Article X, Section H (page 63); 11 U.S.C. §323(b). The Plan confers upon the Creditor Trustee the responsibility and power to reconcile claims, including asserting any

objections thereto. *See*, Plan Article X, Section A (page 59).  Accordingly, the Creditor Trustee is an indispensable party to this litigation who is required to be joined in this litigation under Fed. R. Civ. P. 19.  The Plaintiff's failure to name the Creditor Trustee as a party and his failure to serve him with process warrants the dismissal of the Complaint under Fed. R. Civ. P. 12(b)(5) and (7).

### III.    CONCLUSION

For the reasons set forth, the Creditor Trustee, on behalf of the Defendant, respectfully requests that the Plaintiff's Complaint be dismissed with prejudice, and that the Court grant such additional relief as is deemed just and proper.

Dated: March 2, 2026

By: */s/ Marianna Udem*
**ASK LLP**
Marianna Udem, Esq. (admitted *pro hac vice*)
Jason DiBattista, Esq. (admitted *pro hac vice*)
Brigette McGrath Esq. (admitted *pro hac vice*)
151 West 46th Street, Fourth Floor
New York, New York 10036
Main Phone: (651) 406-9665
Fax: (651) 406-9676
E-mail: mudem@askllp.com
          jdibattista@askllp.com
          bmcgrath@askllp.com

*Counsel for Thomas A. Pitta,*
*Creditor Trustee*

**Certificate of Service**

I, Marianna Udem, certify that on March 2, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. Additionally, the foregoing document will be served via certified first class mail and electronic mail on the below recipients.

*/s/  Marianna Udem*

Jamie Eugene Ortega
15902 West Young Street
Surprise, Arizona 85374
Jamieortega1980@gmail.com
*Plaintiff*

-and-

Bracewell LLP
Jason G. Cohen, Esq.
Jonathan L. Lozano, Esq.
711 Louisiana Stret, Suite 2300
Houston, TX 77002
Jason.cohen@bracewell.com
Jonathan.lozano@bracewell.com
*Counsel for the Debtors and
Debtors in Possession*